UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROCHELLE S., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C20-5532-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1982.[1] She has a limited education and previously worked as a cleaner/housekeeper. (AR 44.)

Plaintiff filed applications for DIB and SSI in 2017, alleging disability beginning February 1, 2015. (AR 281, 288.) The applications were denied at the initial level and on reconsideration.

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

On November 26, 2018, ALJ Rebecca L. Jones held a hearing, taking testimony from plaintiff and vocational expert Carrie L. Guthrie-Whitlow. (AR 70-132.) On February 25, 2019, the ALJ issued a decision finding plaintiff not disabled from the alleged onset date through the date of the decision. (AR 33-46.)

Plaintiff timely appealed, and provided additional medical and vocational evidence. The Appeals Council denied plaintiff's request for review on April 9, 2020 (AR 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had engaged in substantial gainful activity from February 2017 to April 2017, but there had been continuous 12-month periods since the alleged onset date during which plaintiff did not engage in substantial gainful activity. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's fibromyalgia, degenerative changes of the cervical spine, post-traumatic stress disorder (PTSD), generalized anxiety disorder, cannabis use disorder, occipital neuralgia, and greater trochanteric bursitis were severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work, never climbing ladders, ropes, or scaffolds and occasionally climbing ramps and stairs. She could occasionally stoop, kneel, crouch, and crawl, and must avoid vibration or hazards. She could perform simple routine tasks, without public contact and with only superficial contact with co-workers. With that assessment, the ALJ found plaintiff able to perform her past relevant work as a cleaner/housekeeper.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. As an alternative to her step four finding, with the assistance of the vocational expert the ALJ found plaintiff capable of performing other jobs, such as work as a production assembler, hand packager inspector, and garment folder.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in finding her activities inconsistent with disability, failing to account for all limitations in a medical opinion the ALJ found persuasive, rejecting two other medical opinions and a lay witness statement, and performing the steps four and five analyses. She contends the Appeals Council erred by rejecting a medical opinion and a vocational expert's declaration submitted after the ALJ's decision. She requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

<u>Symptom Testimony</u>

Absent evidence of malingering, an ALJ must provide specific, clear, and convincing reasons to reject a claimant's subjective symptom testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In considering the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ "examine[s] the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." Social Security Ruling (SSR) 16-3p.[2]

Plaintiff testified to fibromyalgia pain, hip pain, headaches, falling two or three times a week, and anxiety and PTSD symptoms such as isolation and aggression. (AR 39.) The ALJ

---

[2] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 4

discounted plaintiff's testimony because she failed to follow recommended fibromyalgia treatment or seek mental health treatment, her headaches improved with treatment, mental health findings were typically normal, and her activities were inconsistent with a finding of disability. (AR 40-42.) Plaintiff challenges only the last reason. Even if erroneous, its inclusion was harmless because the ALJ's remaining reasons are clear and convincing. *See Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (where the ALJ provides specific reasons supporting an assessment and substantial evidence supports the conclusion, an error in the assessment may be deemed harmless). For example, plaintiff failed to follow her rheumatologist's recommendations to exercise and participate in physical therapy. (AR 1512, 1610, 99.) An ALJ appropriately considers an unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). And the medical evidence showed concentration, memory, and behavior were typically normal. (*See, e.g.*, AR 771, 839, 854.) "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle*, 533 F.3d. at 1161.

The Court concludes the ALJ did not harmfully err in discounting plaintiff's testimony.

<u>Lay Witness</u>

Patty Olive, a Social Security facilitator, observed plaintiff was easily distracted, had memory issues, avoided eye contact, and showed flat affect. (AR 305-06.) The ALJ "considered" Ms. Olive's observations but declined to articulate how. (AR 44.) Under the regulations the ALJ cited, she was "not required to articulate how [she] considered evidence from nonmedical sources using the requirements" for medical sources, such as supportability, consistency, and treating relationship. 20 C.F.R. §§ 404.1520c(d), 416.920c(d). However, as the Commissioner concedes, the regulation does not permit the ALJ to reject lay witness testimony without providing reasons.

ORDER
PAGE - 5

*See also Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

However, the ALJ's failure to articulate reasons is harmless error because, as the Commissioner contends, the reasons the ALJ provided to reject plaintiff's testimony apply equally well to Ms. Olive's similar statements. *See Molina v. Astrue*, 674 F.3d 1104, 1117-22 (9th Cir. 2012) ("Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," the failure to address the lay testimony may be deemed harmless.). Inconsistency with the medical evidence is a germane reason to discount lay witness testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). The medical record revealed concentration, memory, and behavior were typically normal. (*See, e.g.*, AR 771, 839, 854.)

The Court concludes the ALJ did not harmfully err in addressing Ms. Olive's statements.

<u>Medical Opinions</u>

Because plaintiff filed her claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. Under the regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[3] The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation. *Id*. at (a), (b)(1)-(2). The "more relevant the objective medical evidence and supporting explanations presented" and the

---

[3] "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review . . . in [a] claim based on their review of the evidence in your case record[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

"more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at (c)(1)-(2). The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements. *Id*. at (b)(2), (c)(3)-(5). *But see id*. at (b)(3) (where finding two or more opinions/findings about same issue equally supported and consistent with the record, but not exactly the same, ALJ will articulate how other factors were considered). Where a single medical source provides multiple opinions or findings, the ALJ conducts a single analysis and need not articulate how each opinion or finding is considered individually. *Id*. at (b)(1).

Thomas Clifford, Ph.D.

An ALJ must either incorporate a medical opinion into the RFC or explain why it was rejected. *See* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

The ALJ found persuasive the opinions of Dr. Clifford, a State agency reviewing doctor. (AR 43.) However, plaintiff argues the ALJ failed to incorporate into the RFC Dr. Clifford's opinions she was "[m]oderately limited" in several work-related abilities. (AR 174-75.) Plaintiff fails to show error.

Dr. Clifford opined moderate limitation in understanding and remembering detailed instructions and, in the narrative section, explained plaintiff "retains the cognitive ability to do [simple routine tasks]." (AR 174.) Dr. Clifford opined moderate limitations in maintaining

ORDER
PAGE - 7

extended concentration, maintaining punctual attendance, sustaining a routine without special supervision, working with others, and completing a normal workday and workweek. (AR 174-75.) He further explained that while plaintiff's concentration was "diminished at times," she "retains the ability to maintain attention/concentration sufficient to complete simple routine tasks over a normal 8-hour workday with customary breaks." (AR 175.) Consistent with Dr. Clifford's opinions, the ALJ limited plaintiff to "simple routine tasks." (AR 39.)

Dr. Clifford opined moderate limitations in all social interaction abilities, including interacting with the public and getting along with coworkers, and further explained plaintiff was "[n]ot well suited to work with the public or closely with coworkers. Superficial contact only due to aggressive behavior." (AR 175.) Accordingly, the ALJ limited plaintiff to "no contact with the public [and] occasional superficial contact with co-workers with no team tasks." (AR 39.)

Dr. Clifford opined moderate limitations in responding appropriately to changes in the work setting, and explained plaintiff "would work best with reasonable time to adapt to workplace change." (AR 175.) However, RFC need not incorporate what is best for a claimant; rather, RFC describes the most a claimant can still do despite limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (RFC "is the most you can still do despite your limitations."); *see also Carmickle*, 533 F.3d at 1165 (An ALJ may reasonably decline to adopt the opinion of a physician "offered as a recommendation, not an imperative.").

Plaintiff fails to explain how any of Dr. Clifford's opinions of moderate limitations necessitate additional restrictions in the RFC. The Court concludes the ALJ did not err in analyzing Dr. Clifford's opinions.

<u>Dan M. Neims, Psy.D.</u>

Dr. Neims examined plaintiff in May 2016 and opined she had marked limitations in

ORDER
PAGE - 8

communicating and performing effectively, maintaining appropriate behavior, completing a normal work day and work week, and planning realistically. (AR 487.) The ALJ found Dr. Neims' opinions unpersuasive based on inconsistency with the medical evidence and plaintiff's demonstrated functioning, because the opinions were largely based on plaintiff's unreliable statements, and because he inadequately addressed the effect of plaintiff's chronic cannabis use. (AR 43.) Plaintiff challenges only the last two reasons. Even if cannabis use and overreliance on plaintiff's self-reports were erroneous reason to discount Dr. Neims' opinions, the error is harmless because the ALJ provided other, valid reasons, such as inconsistency with medical evidence. *See Tommasetti*, 533 F.3d at 1041 (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record). The Court concludes plaintiff has shown no harmful error in the ALJ's analysis of Dr. Neims' opinions.

Bryan Zolnikov, Ph.D.

Dr. Zolnikov examined plaintiff in March 2017 and opined she was unable to communicate and perform effectively, maintain appropriate behavior, and complete a normal work day and work week. (AR 539.) The ALJ found Dr. Zolnikov's opinions unpersuasive for several reasons, including inconsistency with the record and failure to fully account for plaintiff's cannabis use. (AR 43.) Plaintiff only challenges the reason of cannabis use. Even if that reason is erroneous, the error is harmless because inconsistency with medical evidence is a sufficient reason to discount a medical opinion. The Court concludes plaintiff has shown no harmful error in the ALJ's analysis of Dr. Zolnikov's opinions.

Evidence First Presented to Appeals Council

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district

court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). This Court must, in other words, "determine whether the ALJ's finding of nondisability was supported by substantial evidence in the entire record – including any new evidence in the administrative record that the Appeals Council considered – not just the evidence before the ALJ." *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017).

Preethy Pankaj, M.D.

Dr. Pankaj examined plaintiff in April 2016 and provided reports dated April and June 2016, limiting plaintiff to sedentary work. (AR 54, 63.) Yet her reports were not provided to the Commissioner until after the ALJ's 2019 decision. (*See* AR 2.) The Appeals Council determined the evidence in the reports did "not show a reasonable probability that it would change the outcome of the decision." (AR 2.)

Plaintiff fails to show Dr. Pankaj's opinions deprive the ALJ's decision of substantial evidence.

Dr. Pankaj's April 2016 report describes plaintiff's "reported symptoms" as recurrent abdominal pain with nausea and vomiting for six months and right flank pain for two years. (AR 52.) Six months does not meet the durational requirement for Social Security benefits, and plaintiff did not testify to any ongoing or long-term abdominal pain, nausea, or vomiting. (*See* AR 97-122.) Dr. Pankaj opined right flank pain only caused "[m]oderate" limitations in work activities. (AR 53.) Plaintiff offers no argument as to why moderate limitations would require any additional restrictions in the RFC and no other way Dr. Pankaj's report could deprive the ALJ's decision of substantial evidence.

Dr. Pankaj's June 2016 report lists conditions of recurrent abdominal pain with vomiting

for six months, depression, anxiety, and right flank pain for two years. (AR 61.) Dr. Pankaj limited plaintiff to sedentary work, expressly based on plaintiff's self-reports. (AR 61-62.) Dr. Pankaj wrote, "Per patient, her mental health issues prevent her from being able to concentrate or understand even simple concepts. She also reports that due to the abdominal pain, gagging & vomiting, she is unable to sit/stand/lift heavy objects/stoop." (AR 61.) Dr. Pankaj checked a box stating plaintiff could work zero hours per week, writing "per patient unable to do any productive work. Difficult to quantify from an objective standpoint." (AR 61.) Dr. Pankaj's report is not a medical opinion demonstrating her own considered judgment, but a recitation of plaintiff's self-reported symptoms. The ALJ thoroughly addressed plaintiff's self-reports and permissibly discounted them. Dr. Pankaj's June 2016 report does not deprive the ALJ's decision of substantial evidence.

The Court concludes remand is not required to address Dr. Pankaj's 2016 reports.

Joseph A. Moisan, Ed.D.

At step five, the ALJ relied on the testimony of vocational expert Ms. Guthrie-Whitlow to determine plaintiff could perform work as a production assembler, with 227,000 jobs in the national economy, hand packager inspector, with 131,000 jobs, and garment folder, with 88,000 jobs. (AR 45.) Ms. Guthrie-Whitlow's testimony provided substantial evidence supporting the ALJ's decision. A vocational expert's testimony "is one type of job information that is regarded as inherently reliable; thus there is no need for an ALJ to assess its reliability." *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017).

Plaintiff submitted to the Appeals Council a declaration by vocational expert Dr. Moisan stating that, according to Job Browser Pro software, in the national economy there are only 614 production assembler jobs, 2,155 hand packager jobs, and 42 garment folder jobs. (AR 11.)

ORDER
PAGE - 11

Plaintiff contends this case is similar to *Buck*, where the Ninth Circuit held "VE testimony is not incontestable" and concluded, "[i]n this case, the vast discrepancy between the VE's job numbers and those tendered by Buck, presumably from the same source, is simply too striking to be ignored. This inconsistency in the record must be addressed by the ALJ on remand." 869 F.3d at 1051 (internal citation omitted). But in *Buck*, the ALJ "curtailed Buck's cross-examination of the VE on the issue of job numbers, promising Buck that he would be able to make a post-hearing submission. In the end, however, the ALJ did not address Buck's submission." *Id.* at 1047. In this case, in contrast, plaintiff's attorney raised no issue concerning job numbers at the hearing. Plaintiff's only submission was to the Appeals Council, which considered and rejected Dr. Moisan's declaration. Unlike in *Buck*, where the claimant's evidence was offered but never addressed during the administrative proceedings, here plaintiff's evidence was given due consideration. Plaintiff fails to show reversible error in the Appeals Council's determination that Dr. Moisan's report did "not show a reasonable probability that it would change the outcome of the decision." (AR 2.)

Plaintiff's statement that "Dr. Moisan has provided documented evidence that the testimony of the VE at the hearing is not valid" is not accurate. Dr. Moisan's declaration merely asserts that his numbers are more accurate than Ms. Guthrie-Whitlow's, providing no evidence to support his assertion. Dr. Moisan, at most, provides an alternative opinion regarding the job numbers. He does not demonstrate the evidence offered by the VE was not reliable. Without more, Dr. Moisan's declaration does not deprive the ALJ's decision of substantial evidence. The Court concludes Mr. Moisan's declaration does not necessitate remand.

Plaintiff also challenges the ALJ's step four finding. The Court need not address this issue. Even if the ALJ erred in finding plaintiff could perform past relevant work, that error is harmless

because the ALJ properly decided plaintiff could perform other work in the economy. *Tommasetti*, 533 F.3d at 1037.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 25th day of January, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 13